United States District Court
Southern District of Texas
**ENTERED**
February 10, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK DOUGLAS ADAMS, TDCJ #01509320, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-01088 |
| BOBBY LUMPKIN, *et al.*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

Plaintiff Mark Douglas Adams (TDCJ #01509320) is a state prisoner in custody of the Texas Department of Criminal Justice—Criminal Institutions Division ("TDCJ") at the Estelle Unit. Adams filed this action under 42 U.S.C. § 1983, alleging that various supervisory officials and staff in the mailroom at the Michael and Estelle Units violated his civil rights by tampering with or delaying his legal mail, which he alleges caused several of his pending cases to be dismissed. At the Court's request, Adams filed a More Definite Statement regarding his claims for access to courts. Because Adams is an inmate who proceeds *in forma pauperis*, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After reviewing all of the pleadings, court records, and applicable law, the Court concludes that this case must be DISMISSED as frivolous and for failure to state a claim for which relief may be granted.

I.  **BACKGROUND**

Adams alleges that on June 25, 2020, he was placed on the medical chain to go to John Sealy Hospital in Galveston, Texas from the Michael Unit. Doc. No. 1 at 7. He alleges that at that time, Defendants Michael Unit Senior Warden Kirt D. Stiefer ("Stiefer"), Assistant Warden Pennie R. Kempt ("Kempt"), Estelle Unit Senior Warden Jeffrey Richardson ("Richardson"), Administrative Assistant Amy E. McCalister ("McCalister"), Jessica Riley ("Riley"), and TDCJ Executive Director Bobby Lumpkin ("Lumpkin") were all defendants in one or more civil actions that Adams had pending in federal district court. *Id.* at 7-8. He claims that on July 2, 2020, he sent a change of address form to the courts where his habeas petitions and civil rights cases were pending, and these change of address notifications were filed on July 6, 2020. *Id.* at 8. Adams alleges that on July 27, 2020, he received 16 pieces of legal mail that were postmarked from June 4, 2020 to June 26, 2020. *Id.* He contends that all but 2 or 3 pieces of mail could and should have been delivered to him on the Michael Unit due to being postmarked on June 24, 2020 and June 26, 2020. *Id.* Instead, he claims that the mailroom staff held the 16 pieces of mail until July 27, 2020. *Id.*

Adams alleges that Lumpkin and Richardson continually allow their subordinates to tamper with the mail by delaying delivery of legal mail until after the orders have expired or through allowing them to answer grievances. *See id.* at 5-6. He alleges that Richardson and Assistant Warden Terry W. Burson ("Burson") refuse to allow him to review video footage of the mailroom, which he alleges is "falsification" or destruction of evidence. *Id.* at 6. He claims that Kelley A. Allen ("Allen"), Administrative Assistant at the Estelle Unit, caused a delay in his mail until the time for him to respond had expired. *Id.* He further alleges that Stiefer, Kempt, and McCalister allowed subordinates in the Michael Unit mail room to hold 16 pieces of legal mail from June 6,

2020 on the Michael Unit until it was delivered on July 27, 2020 to the Estelle Unit. *Id.* at 6-7. He claims that Riley answered grievances that pertain to the lawsuit where she is a defendant in order to influence the lawsuit. *Id.* at 7. He also alleges that Jeania Pagoda ("Pagoda"), Access to Courts Manager for the TDCJ, harmed him by not applying TDCJ Policy AD-14.09 and ATC-034 to their fullest because they state that mail from governmental entities, like the Internal Revenue Service, is special privileged mail that can be sealed and that state employees open that mail containing confidential information contrary to TDCJ policies. *Id.*

Adams contends that the Defendants, named above, interfered with his access to courts because the mail that was delayed contained several important notices about his cases, including dismissal orders and orders to show cause. In particular, Adams alleges that, because of the delay in his mail, he did not timely receive orders in order to respond in *Adams v. Director*, Civ. A. No. 1:20-cv-610-RP (W.D. Tex. Jul. 21, 2020), and *Adams v. Director*, Civ. A. No. 6:20-cv-508 (W.D. Tex. Aug. 8, 2020). Doc. No. 1 at 8. He further alleges that he did not timely receive the Order of Severance and Transfer of his case in *Adams v. Director*, Civ. A. No. 6:20-cv-295-JDK-KNM (E.D. Tex. Jun. 8, 2020). *Id.* He complains that his habeas corpus action in *Adams v. Precythe*, Civ. A. No. 3:20-cv-5129-RK (W.D. Mo. May 24, 2021), *cert. of appealability denied*, Appeal No. 21-2519 (8th Cir. Sept. 3, 2021), was prejudiced as well because he did not receive an Order to Answer postmarked on February 1, 2021, until February 22, 2021, and that Tracy Hutto and Defendant Allen somehow were responsible for this delay. *Id.* at 11.

For relief, Adams seeks an order granting his habeas petitions in Civil Action Nos. 1:20-cv-610 (W.D. Tex.) and 6:20-cv-508 (W.D. Tex.); reopening of Civil Action No. 3:20-cv-5129 (W.D. Mo.); re-urging of Civil Action No. 6:20-cv-340 (E.D. Tex. May 18, 2021); and reopening of Civil Action No. 6:19-cv-565 (E.D. Tex. Feb. 23, 2021), including the re-urging all of his

motions in that case. *See* Doc. No. 1 at 12. He requests that TDCJ pay all of his court fees (in both Texas and Missouri) and unspecified monetary compensation as the Court deems fit. *Id.* He also wants the ACLU appointed as his attorney for all of these cases at the cost to TDCJ, and for the FBI to be notified of the death threats from the Aryan Brotherhood to him and his family. *Id.* at 13.

## II. DISCUSSION

### A. Access-to-Courts Claims

Prisoners have a constitutionally protected right of access to the courts. S*ee Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977)). However, a prisoner's right of access to courts is limited and "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.), *cert. denied*, 522 U.S. 995 (1997)). Hence, an inmate alleging denial of the right of access to courts must demonstrate a relevant, actual injury stemming from the defendant's unconstitutional conduct. *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009) (citing *Lewis*, 518 U.S. at 351); *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993). In particular, an inmate must "demonstrate that a nonfrivolous legal claim has been frustrated or was being impeded." *Lewis*, 518 U.S. at 353 & n. 3. Thus, the right of access to courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Adams alleges that the Defendants delayed, held, or tampered with his mail, hindering several of his pending habeas petitions and civil rights cases. The Court examines each case below and concludes that Adams had no non-frivolous cases that were impeded or hindered by the

Defendants regarding the alleged delay or interference with his mail, and, therefore, cannot maintain an access-to-courts claim against any Defendant.

### 1. *Adams v. Director*, Civ. A. No. 6:20-cv-295-JDK-KNM (E.D. Tex. Jun. 9, 2020)

In *Adams v. Director*, Civ. A. No. 6:20-cv-295-JDK-KNM (E.D. Tex. Jun. 9, 2020), Adams challenged two convictions for aggravated robbery in Travis County, Texas that he obtained on May 30, 2008, and a separate conviction for assault on a public servant in Coryell County that he obtained on August 16, 2016. *See id.* at Doc. No. 1. The magistrate judge concluded that these convictions were not obtained within the Eastern District of Texas, and, therefore, the petition should be severed and sent to the corresponding divisions where the convictions were obtained. *See id.* at Doc. No. 5 (Order of Severance and Transfer entered on June 9, 2020). Thus, the magistrate judge transferred the portion Adams's habeas petition challenging the Travis County convictions to the Western District of Texas, Austin Division, and the portion of his habeas petition challenging the Coryell County conviction to the Western District of Texas, Waco Division. *Id.* Adams alleges that he did not receive notice of this Order until July 27, 2020, because of the delay in his mail. He filed a Notice of Appeal of the Order of Severance and Transfer on July 29, 2020, explaining that he did not receive the Order until July 27, 2020. *Id.* at Doc. No. 7.

The record in *Adams* reflects that the Fifth Circuit dismissed the appeal for lack of jurisdiction because Adams had not consented to a magistrate judge determining the issue of severance and that such orders must be appealed to the district court. *Id.* at Doc. No. 10 (Appeal No. 20-40507). The docket sheet shows that Adams appealed the magistrate's decision to the district judge on December 3, 2020. *Id.* at Doc. No. 14. The district judge conducted a *de novo*

review of the pleadings and determined that the magistrate judge's decision was not clearly erroneous. *Id.* at Doc. No. 17.

Contrary to Adams's contentions, the record in *Adams*, *supra*, indicates that the delay in his receipt of the Order of Severance and Transfer did not impede his ability to challenge that Order. Instead, he was able to contest the magistrate judge's decision to the district court, which conducted a *de novo* review of the pleadings and affirmed that decision. Adams fails to show that any Defendant prevented him from bringing a non-frivolous argument regarding the Eastern District court's decision to sever and transfer his habeas petitions to the district courts within the district where his convictions were obtained.

### 2. *Adams v. Director*, Civ. A. No. 6:20-cv-508 (W.D. Tex. Aug. 7, 2020)

Adams claims that he did not receive the Order to Show Cause in this case in time to respond before his case was dismissed. The record reflects that this case was one of the two petitions created by the Order of Severance and Transfer from the Eastern District of Texas. In this petition, Adams challenged a 2016 case out of Coryell County, so the proper venue for that habeas petition was in the Waco Division of the Western District of Texas. The Waco district court concluded that his petition was untimely under the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), and that neither statutory nor equitable tolling applied. *Adams*, Civ. A. No. 6:20-cv-508.

According to the docket sheet, Adams did not move for reconsideration of the dismissal and attach a proposed response to the Order to Show Cause, even though the Order of Dismissal was entered on August 8, 2020, after he resumed receiving his mail. In his complaint in the instant case, he does not allege facts to show that statutory or equitable tolling would have been justified if he had been able to respond to the Order to Show Cause in time. He does not allege facts in this

case to demonstrate that he had a non-frivolous argument to make regarding his petition to support tolling regarding his 2016 conviction.

### 3. *Adams v. Director*, Civ. A. No. 1:20-cv-610-RP (W.D. Tex. Jul. 24, 2020)

In this case, Adams challenged two aggravated robbery convictions out of Travis County that he obtained in 2008. *Adams*, Civ. A. No. 1:20-cv-610-RP at Doc. No. 1. The court issued an Order to Show Cause on June 21, 2020. *Id.* at Doc. No. 8. On July 24, 2020, the court dismissed the petition as time-barred under the AEDPA. *Id.* at Doc. No. 10. The docket sheet reflects that Adams did not file a motion to reopen and attach a response to the Order to Show Cause to lay out his case for equitable or statutory tolling. In his complaint in the instant case, he does not allege facts to show that statutory or equitable tolling would have been justified if he had been able to respond to the Order to Show Cause in time. Adams does not show that any of the actions or omissions of the Defendants caused harm to this case or that this petition had any arguable merit. Therefore, he does not state a violation of access to courts regarding this case.

### 4. *Adams v. Director*, Civ. A. No. 6:20-cv-340 (E.D. Tex. May 18, 2021)

Adams challenged a disciplinary conviction for failing to relinquish the food slot at the Michael Unit. *Adams*, Civ. A. No. 6:20-cv-340, at Doc. No. 1. On February 22, 2021, the magistrate judge issued a Report and Recommendation, recommending that Adams's case be dismissed and his civil rights claims severed into a different case. *Id.* at Doc. No. 17. On March 2, 2021, Adams signed a receipt stating that he received the magistrate judge's order. *Id.* at Doc. No. 20. Adams filed his objections to that order in a document that was postmarked on March 3, 2021. *Id.* at Doc. No. 19. There is no indication that Adams was hindered from asserting his claims in this case. Therefore, he cannot show that any of the Defendants' actions or omissions blocked his access to the courts regarding this case.

### 5. *Adams v. Precythe*, Civ. A. No. 3:20-cv-5129-RK (W.D. Mo. May 24, 2021)

In *Precythe*, Adams challenged his December 8, 2008 convictions for first degree robbery in Lawrence County, Missouri cause numbers 08-LW-CR00529-01 and 08-LW-CR-01258-01. *See Precythe*, Civ. A. No. 3:20-cv-5129-RK, at Doc. No. 16 (Amended Petition). Adams filed this case in December 2020, so any delay in mail from June or July 2020 did not cause Adams to miss a notice sent to him from the Missouri court. *See id.* at Doc. No. 1 (Original Petition). In addition, to the extent that Adams claims that Tracy Hutto and Defendant Allen somehow delayed his mail from February 1, 2021 to February 21, 2021, the docket sheet in *Precythe* shows that Adams was permitted to file an Amended Petition and reopen that case on March 9, 2021. *Id.* at 17. After obtaining an Answer from the Respondent and a Reply from Adams, the *Precythe* court considered Adams's claims and determined that Adams's petition was barred by the one-year statute of limitations applicable in federal habeas cases under the AEDPA. *Id.* at Doc. No. 24. Adams does not show that he had any non-frivolous, arguable claim regarding the *Precythe* case that any of the Defendants hindered through a delay or interference with his legal mail. Therefore, he cannot show an access-to-courts violation in connection with this case.

### 6. *Adams v. Paxton et al.*, Civ. A. No. 6:19-cv-565 (E.D. Tex. Feb. 23, 2021)

Adams filed this omnibus case against approximately 60 defendants, seeking the criminal prosecution of other inmates, asserting broad access-to-courts claims (some of which are duplicative of the ones asserted here), and contending that numerous prison officials failed to protect him, failed to provide adequate medical care, or delayed his mail, among other things. The docket sheet in *Paxton* shows that Adams signed a receipt indicating that he received the magistrate judge's Memorandum and Recommendations on January 12, 2021. *Paxton*, Civ. A. No. 6:19-cv-565, at Doc. No. 85. The record further reflects that the district court fully considered *Paxton* on

the merits and that Adams was able to file his objections to the magistrate judge's Memorandum and Recommendation on February 2, 2021. *Id.* at Doc. Nos. 84, 87, 88. The district court considered Adams's arguments and rejected them, adopting the recommendation of the magistrate judge and dismissing the federal claims on the merits while dismissing state law claims without prejudice on February 23, 2021. *Id.* at Doc. No. 88. Regarding Adams's claim that his mail was delayed or held from June 5, 2020 to July 27, 2020, the docket sheet reflects that there were no orders issued in *Paxton* during that time that required a response from Adams. Adams does not state facts to show that he had a non-frivolous argument to make regarding the claims he asserted in *Paxton* or that the actions of any Defendant, including any delay in mail, prevented him from pursuing this case.

### 7. *Adams v. Blakinger, et al.*, Civ. A. No. 4:20-cv-1843 (S.D. Tex. Oct. 20, 2020)

In *Blakinger*, Adams submitted a two-page complaint listing only the defendants, two newspaper editors and a member of the United States House of Representatives. *See Blakinger*, Civ. A. No. 4:20-cv-1843, at Doc. No. 1. In his brief in support, he explained that he wrote letters to the editors of two newspapers asking them to cover his civil action in *Paxton*, *supra*, but that they did not publish a story about *Paxton* or Adams's habeas cases discussed above. On October 20, 2020, the court dismissed *Blakinger* as frivolous, holding that Adams "fails to identify a violation of his constitutional rights, and his claim rests on conclusory allegations and unwarranted deductions of fact." *Id.* at Doc. No. 21 at 2.

The docket sheet in *Blakinger* reflects that the only court order issued from June 5, 2020 to July 27, 2020 was an order granting leave to proceed *in forma pauperis*; there were no orders requiring a response from Adams that he missed due to the alleged actions or omissions of any of the Defendants during the relevant time period. Even if he had missed a deadline regarding this

case due to the delay in his mail, he cannot show a violation of access to courts because there is no indication that he had a non-frivolous claim to assert in *Blakinger*.

Considering all of the cases that Adams alleges were affected by the actions or omissions of the Defendants in relation to the delay in his mail, he does not show that he suffered any actual injury to a non-frivolous case regarding his convictions or conditions of his confinement. Because he fails to allege facts to show that a "nonfrivolous," "arguable" legal claim was hindered, his access-to-courts claims regarding his mail fails as a matter of law. *See Christopher*, 536 U.S. at 415; *Brewster*, 587 F.3d at 769. Therefore, his access to courts claims must be dismissed with prejudice as frivolous and for failure to state a claim for which relief may be granted.

### B. Other Claims

To the extent Adams attempts to resuscitate any claims that he has previously raised in the numerous cases set forth above by filing this access to courts claim, the Court will not consider duplicative claims.[1] *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam) (holding that a prisoner's claims that are duplicative of claims that have already been considered and dismissed must be dismissed under 28 U.S.C. § 1915(e)(2)(B) as malicious); *see also Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte*).

Further, to the extent that Adams attempts to assert new, unrelated health claims for a mass on his kidney he recently discovered (and contends was caused by another inmate not named in this lawsuit), or regarding a recent use of force, the Court has previously advised him that, "[t]o the extent that Plaintiff wishes to assert another unrelated claim for health issues, the proper

---

[1] In particular, Adams re-alleges the same or similar claims regarding the Aryan Brotherhood and threats on his life that were considered and rejected in *Paxton*. Because these issues have previously been considered and there is no apparent connection between these allegations and the *named Defendants*, the Court declines to consider them here.

10 / 12

procedure would be to file a new civil action regarding that claim." Doc. No. 31 at 3. Because these new allegations are unrelated to the access to courts claims he asserts against the named Defendants, are not part of the same transaction or occurrence as those claims, and do not involve common questions of law and fact, the Court declines to consider his medical or use-of-force claims here. *See id.* at 2 ¶5; *see also* Fed. R. Civ. P. 20(a)(2).

In addition, to the extent that Adams claims that Defendant Riley did not answer his grievances in the way he wanted and that her responses harmed his claims in *Paxton, supra*, he states no constitutional claim. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding that a prisoner has no liberty interest in having his grievance resolved to his satisfaction). Similarly, Defendant Pegoda's alleged failure to enforce TDCJ policies to their fullest, without more, does not implicate a constitutional right. *See Myers v. Kelvenhagen,* 97 F.3d 91, 94 (5th Cir. 1996).

The Court has carefully considered Adams's allegations regarding the named Defendants in this case and concludes that he fails to state a claim for which relief may be granted against any of them. Accordingly, this case must be dismissed.

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights complaint filed by Mark Douglas Adams is **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim for which relief may be granted.
2. The plaintiff's pending motions to re-urge motions that this Court has previously considered and denied (Doc. Nos. 33, 35, 40) are **DENIED**.
3. The plaintiff's pending motion for the Court to issue an Order (Doc. No. 34) is

**DENIED as MOOT.**

4. All other pending motions, if any, are **DENIED as MOOT.**

5. This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk's Office will provide a copy of this order to the parties. In addition, the Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas, this 3rd day of February 2022.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE